# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

REBECCA T. BAUMGARTNER,   :
                                  :

    Plaintiff,               :
                                    :

    v.                    :     CIVIL ACTION NO.
                                    :     1:15-CV-1993-RWS

STATE FARM FIRE AND       :
CASUALTY COMPANY,        :
                                    :

    Defendant.          :

## <u>ORDER</u>

This case comes before the Court on Defendant State Farm Fire and

Casualty Company's Motion for Summary Judgment, or, in the Alternative,

Motion to Dismiss [33].  After reviewing the record, the Court enters the

following Order.

### Background

This is an insurance dispute between Plaintiff Rebecca T. Baumgartner

and Defendant State Farm Fire and Casualty Company ("State Farm").  On

March 8, 2014, Ms. Baumgartner notified State Farm of an alleged wind and

hail loss at property located at 6900 Brookside Drive, Roswell, Georgia

("Property").  (Def.'s Statement of Undisputed Mat. Facts ("Def.'s SMF"), Dkt.

[33-2] ¶ 1.)  Ms. Baumgartner alleged that the property suffered roof and

interior structural damage from wind and hail damage that occurred over a year

earlier, on March 18, 2013.  (Id. ¶ 2.)  At the time of the alleged loss, the

Property was covered under Homeowners Policy Number 11-GP-7111-4

("Policy"), which was issued to Ms. Baumgartner.  (Id. ¶ 3.)

After an investigation, State Farm determined that the cost to repair the

damage to the Property was $13,536.27.  (Bond Aff., Dkt. [33-3] ¶ 7;

Baumgartner Aff., Dkt. [39-1] ¶ 11.)[1]  Ms. Baumgartner's Policy contains a

$2,000 deductible.  (Def.'s SMF, Dkt. [33-2] ¶ 5.)  After deducting

depreciation ($7,415.77) and Ms. Baumgartner's deductible, State Farm issued

an actual cash value payment of $4,147.50 to its only named insured, Ms.

Baumgartner, for the claimed loss.  (Id. ¶ 6.)

Ms. Baumgartner disagreed with State Farm's determination and filed

---

[1] In her Response to State Farm's Statement of Undisputed Material Facts [39-2], Ms. Baumgartner summarily denies this fact, but her own affidavit directly contradicts her denial.  There, she confirms that "[t]he Defendant conducted an investigation and determined that the replacement cost value of the claimed damage was $13,563.27." (Baumgartner Aff., Dkt. [39-1] ¶ 11.)  And aside from offering evidence that contradicts her denial, Ms. Baumgartner also does not: cite other evidence refuting the fact, state an objection, or claim that the fact is not material. Thus, her denial also does not comply with the Court's Local Rules.  See LR 56.1(B)(2)(a)(2).

2

suit against State Farm on April 30, 2015, for damages to the Property.[2]  (Id. ¶ 7.)  She sets forth two counts: breach of contract and bad faith.  (Compl., Dkt. [1-1] ¶¶ 30-50.)  Ms. Baumgartner alleges that the Property suffered $100,307.56 in roof damage and interior damage to the walls, floors, and ceilings.  (Def.'s SMF, Dkt. [33-2] ¶ 8.)  She does not allege, however, that she suffered any damage to her personal property or furnishings.  (Id. ¶ 9.)  She filed this suit in her individual name only.  (Id. ¶ 10.)

During discovery, Ms. Baumgartner testified that the legal owner of the Property is the "Hugh Lee Baumgartner Trust" ("Trust").  (Id. ¶ 11.)  Wesley Hargrave serves as Trustee of the Trust.  (Id. ¶ 12.)  Ms. Baumgartner does not make any mortgage or rental payments to the Trust related to her use of the Property.  (Id. ¶ 14.)  And the Trust handles maintenance and major repairs on the Property.  (Baumgartner Dep., Dkt. [34] at 8:15-23; Baumgartner Aff., Dkt. [39-1] ¶ 7.)[3]  Ms. Baumgartner is listed as the only named insured on the

---

[2] Ms. Baumgartner originally filed in the State Court of Fulton County, but State Farm removed the case to this Court on the basis of diversity jurisdiction.

[3] Again, Ms. Baumgartner denies this fact in her Response to State Farm's Statement of Undisputed Material Facts [39-2], but she expressly admits it in her affidavit.  (See Baumgartner Aff., Dkt. [39-1] ¶ 7.)

Policy's Declarations page.  (Def.'s SMF, Dkt. [33-2] ¶ 15.)  State Farm was not aware that Ms. Baumgartner was not the owner of the Property until after Ms. Baumgartner filed suit and her deposition was taken.  (Bond Aff., Dkt. [33-3] ¶ 9.)

Ms. Baumgartner's expert, Eduard Badiu, learned that the Property was owned by the Trust prior to or on January 26, 2015, after searching the county's appraiser's records.  (Id. ¶ 18.)  Mr. Badiu referenced the Trustee, Mr. Hargrave, in his report dated January 26, 2015.  (Id. ¶ 19.)  He then provided his report to Ms. Baumgartner's consultants.  (Id. ¶ 20.)  Still, Ms. Baumgartner did not disclose that the Trust and Mr. Hargrave, in his capacity as Trustee, had an interest in the outcome of this litigation in the Joint Preliminary Report.  (Id. ¶ 17.)  She also did not submit a Certificate of Interested Persons.  (Id.)

The Policy contains an Insurable Interest provision, in "**SECTION I - CONDITIONS**," which says the following:

> 1.  **Insurable Interest and Limit of Liability**. Even if more than one person has an insurable interest in the property covered, we shall not be liable:
>
>     a.   to the **insured** for an amount greater than the **insured's** interest; or

4

     b.  for more than the applicable limit of liability.

(Id. ¶ 21; Policy, Dkt. [33-5] at 36.)

  On October 27, 2015, State Farm filed a Motion for Leave to Amend its Answer [21].  The Court granted that motion on November 23, 2015.  State Farm then filed its Amended Answer on November 23, 2015, asserting two new defenses: (1) Ms. Baumgartner has no insurable interest in the Property; and (2) Ms. Baumgartner is not the real party in interest.  (Def.'s Am. Answer, Dkt. [25].)  As of the date of this Order, Ms. Baumgartner has not joined or substituted the Trust or Mr. Hargrave, as Trustee, into this litigation.

## Discussion

## I. Summary Judgment Legal Standard

  Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357

F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986) (internal quotations omitted)).  Where the moving party makes

such a showing, the burden shifts to the non-movant, who must go beyond the

pleadings and present affirmative evidence to show that a genuine issue of

material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257

(1986).

The applicable substantive law identifies which facts are material.  Id. at

248.  A fact is not material if a dispute over that fact will not affect the outcome

of the suit under the governing law.  Id.  An issue is genuine when the evidence

is such that a reasonable jury could return a verdict for the non-moving party.

Id. at 249-50.

In resolving a motion for summary judgment, the court must view all

evidence and draw all reasonable inferences in the light most favorable to the

non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th

Cir. 2002).  But, the court is bound only to draw those inferences which are

reasonable.  "Where the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party, there is no genuine issue for trial."

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations

omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met

its burden under Rule 56(a), the nonmoving party "must do more than simply

show there is some metaphysical doubt as to the material facts").

## II.    Analysis

State Farm's motion contains alternative arguments.  First, State Farm

argues that it is entitled to summary judgment because Ms. Baumgartner does

not have an insurable interest in the Property.  Alternatively, State Farm argues

that this case must be dismissed under Federal Rule of Civil Procedure

("Rule") 17 because Ms. Baumgartner is not the real party in interest.  The

Court will address those arguments in turn.

### A.    Insurable Interest in the Property

State Farm argues that Ms. Baumgartner cannot maintain her claims

because she lacks an insurable interest in the Property.  Indeed, under Georgia

law, claimants must have an insurable interest in property to recover for a

7

claimed loss.  See O.C.G.A. § 33-24-4(b) ("No insurance contract on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having, at the time of the loss, an insurable interest in the things insured.").  An "insurable interest" means "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." O.C.G.A. § 33-24-4(a).  "The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefitted by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against." Splish Splash Waterslides, Inc. v. Cherokee Ins. Co., 307 S.E.2d 107, 109 (Ga. Ct. App. 1983).

While "[t]itle is not the sole test for determining an insurable interest," Integon Gen. Ins. Corp. v. Gibson, 485 S.E.2d 576, 578 (Ga. Ct. App. 1997), "the insured must have some *lawful* interest in property before [she] can have an insurable interest in the property.  Conex Freight Sys., Inc. v. Ga. Ins. Insolvency Pool, 561 S.E.2d 221, 225 (Ga. Ct. App. 2002).  Thus, mere possession of property is not enough to create an insurable interest.

8

Muhammad v. Allstate Ins. Co., 722 S.E.2d 136, 139 (Ga. Ct. App. 2012).

State Farm argues that Ms. Baumgartner lacks an insurable interest in the Property because she does not own the Property, makes no rent or mortgage payments on the Property, and does not bear the financial cost of replacing or fixing damages to the Property.  In short, she is "simply a possessor of the property" with no pecuniary interest in its continued preservation.  (Def.'s Br. in Supp. of Mot. for Summ J. ("Def.'s Br."), Dkt. [33-1] at 9.)

Ms. Baumgartner counters with two arguments for why she has an insurable interest in the Property.  First, citing Sapp v. Ga. Farm Bureau Mut. Ins. Co., Ms. Baumgartner points out the "basic principle that one may only insure property as to which one has an insurable interest."  424 S.E.2d 871, 873 (Ga. Ct. App. 1992).  From that principle, Ms. Baumgartner argues that State Farm conceded her insurable interest in the Property by placing the insurance policy in her name and accepting her insurance premiums.  That argument is unpersuasive.

To be sure, "where an agent of the insurance company has actual knowledge of the real facts of ownership at the time of the issuance of the policy, the company is estopped from later asserting that the policy is not

binding."  Roach v. Ga. Farm Bureau Mut. Ins. Co., 325 S.E.2d 797, 799 (Ga.

Ct. App. 1984).  Here, however, State Farm has submitted an affidavit from the

Claim Team Manager responsible for Ms. Baumgartner's claim saying that

State Farm did not know that Ms. Baumgartner was not the owner of the

Property until after it took her deposition.  (Bond Aff., Dkt. [33-3] ¶ 9.)  Ms.

Baumgartner has provided no evidence to refute that testimony.  Instead, she

merely claims to lack the knowledge needed to admit or deny that State Farm

was not aware of her lack of ownership.  (Pl.'s Resp. to Def.'s SMF (Pl.'s SMF

Resp."), Dkt. [39-2] ¶ 16.)  As a result, Ms. Baumgartner has not shown a

genuine issue of material fact as to State Farm's knowledge, so she cannot

claim that State Farm conceded her insurable interest in the Property by issuing

the Policy.

Second, Ms. Baumgartner argues that she has an insurable interest in the

Property because she has an equitable interest as the beneficiary of the Trust.  It

is true that a "lawful interest"—which gives rise to an insurable interest—may

be "slight or contingent, legal *or equitable*."  Splish Splash, 307 S.E.2d at 110

(emphasis added); see also Conex, 561 S.E.2d at 225 ("[T]he insured must have

some *lawful* interest in property before [she] can have an insurable interest in

AO 72A
(Rev.8/82)

the property.").  But even assuming, for the sake of argument, that Ms. Baumgartner's beneficiary status grants her an equitable interest in the Property, that equitable interest does not extend far enough to create an insurable interest in the Property's *physical structure*.

Ms. Baumgartner does not dispute that she holds no title to the Property, is not financially responsible for maintenance or repairs on the Property, and makes no rent or mortgage payments on the Property.  All of those rights and obligations lie instead in the Trust.  Ms. Baumgartner's sole right to the Property, conferred by the Trust, is the right of possession.  So while she may have an equitable interest in maintaining possession of the Property, her equitable interest extends no further.  And here, Ms. Baumgartner is attempting to enforce the Policy to recover for alleged damage to the Property's physical structure.  Had Ms. Baumgartner suffered loss of possession of the Property, she may have some form of claim under the Policy to compensate her for that loss.  Such a claim could not, however, be for compensation of the loss to the Property's physical structure.  Because her equitable interest does not extend to the Property's physical structure, any insurable interest she may have in the Property cannot either.  And without an insurable interest, Ms. Baumgartner

cannot enforce the Policy.  Because the claim here relates solely to alleged physical damage to the Property—something to which Ms. Baumgartner lacks any interest, equitable or otherwise—State Farm's motion for summary judgment is **GRANTED**.

      B.    <u>Real Party in Interest</u>

Even if State Farm were not entitled to summary judgment, this case would be subject to dismissal for failure to prosecute in the name of the real party in interest.  <u>See</u> FED. R. CIV. P. 17 ("An action must be prosecuted in the name of the real party in interest.").  "The real party in interest is the person, who, by the substantive governing law, has the right sought to be enforced." <u>Allianz Life Ins. Co. of N. Am. v. Riedl</u>, 444 S.E.2d 736, 738 (Ga. 1994) (internal quotations and citation omitted).  Under Georgia law, "[i]n a suit for damages . . . to real property, the real party in interest is the person or persons who own, lease or have a legal interest in the property." <u>Equitable Life Assur. Soc. of U.S. v. Tinsley Mill Village</u>, 294 S.E.2d 495, 497 (Ga. 1982).  While courts cannot immediately dismiss an action for failure to prosecute in the name of the real party in interest, they may do so "after an objection, [once] a reasonable time has been allowed for the real party in interest to ratify, join, or

AO 72A
(Rev.8/82)

be substituted into the action." Fed. R. Civ. P. 17(a)(3).

As discussed above, Ms. Baumgartner's interest in the Property is limited to, at most, an equitable interest in possession of the Property. Because this case is an attempt to collect insurance money for damages to the Property's physical structure, the real party in interest is the party with rights to that physical structure: the Trust. State Farm first alerted Ms. Baumgartner that the Trust was the real party in interest on October 27, 2015, by seeking leave to amend its answer to include a "real party in interest" defense. Nearly a year and a half has passed since that time, yet Ms. Baumgartner is still the only Plaintiff in this case. So, even if State Farm were not entitled to summary judgment, dismissal would be proper under Rule 17.

## Conclusion

As discussed above, State Farm's Motion for Summary Judgment, or, in the Alternative, Motion to Dismiss [33] is **GRANTED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this 21st day of March, 2017.

_____
**RICHARD W. STORY**
United States District Judge

13

AO 72A
(Rev.8/82)